1

**MUSICK, PEELER & GARRETT**
LLP
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2421

2

3

Jack W. Fleming (State Bar No. 86292)
j.fleming@mpglaw.com
Thomas J. Eastmond (State Bar No. 211591)
t.eastmond@mpglaw.com

4

5

6

Attorneys for Defendants TPA-CKY Joint Venture, CKY Inc.,
Tan Phung & Associates and American Contractors Indemnity Company

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11

| | |
|---|---|
| UNITED STATES, For the Use of RENTAL SOLUTIONS, LLC | Case No. C-07-4929 JL |
| Plaintiff, | **ANSWER OF TPA-CKY JOINT VENTURE, CKY INC., TAN PHUNG & ASSOCIATES, AND AMERICAN CONTRACTORS INDEMNITY COMPANY TO COMPLAINT** |
| vs. | |
| CENTRAL VALLEY CONSTRUCTION, INC.; TPA-CKY JOINT VENTURE, CKY, INC., TAN PHUNG & ASSOCIATES, AMERICAN CONTRACTORS INDEMNITY COMPANY, and DOES 1 through 20, inclusive, | Complaint Filed:   September 21, 2007<br>Trial Date:          None set. |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21        Defendants TPA-CKY Joint Venture, CKY Inc., Tan Phung & Associates and

22   American Contractors Indemnity Company ("Defendants") answer the Complaint of Plaintiff

23   RENTAL SOLUTIONS, LLC ("RENTAL SOLUTIONS"), as follows:

24              1.        Defendants deny the material averments of paragraph 1 of the Complaint.

25              2.        Defendants deny the material averments of paragraph 2 of the Complaint.

26              3.        Defendants are informed and believe that the material averments of

27   paragraph 3 of the Complaint are true, and on that basis admit them.

28

*556875.1*

**ANSWER OF TPA-CKY JV TO COMPLAINT**

1    4.    Defendants are informed and believe that the material averments of

2  paragraph 4 of the Complaint are true, and on that basis admit them.

3    5.    Defendants admit the material averments of paragraph 5 of the Complaint.

4    6.    Defendants admit the material averments of paragraph 6 of the Complaint.

5    7.    Defendants admit the material averments of paragraph 7 of the Complaint.

6    8.    Defendants are without sufficient information to admit or deny the material

7  averments of paragraph 8 of the Complaint, and on that basis deny them.

8    9.    Defendants are without sufficient information to admit or deny the material

9  averments of paragraph 9 of the Complaint, and on that basis deny them.

10    10.    Defendants admit the material averments of paragraph 10 of the Complaint.

11    11.    Defendants admit the material averments of  paragraph 11 of the Complaint.

12    12.    Defendants admit the material averments of paragraph 12 of the Complaint.

13    13.    Defendants are without sufficient information to admit or deny the material

14  averments of  paragraph 13 of the Complaint, and on that basis deny them.

15    14.    Defendants are without sufficient information to admit or deny the material

16  averments of paragraph 14 of the Complaint, and on that basis deny them.

17    15.    Defendants are without sufficient information to admit or deny the material

18  averments of paragraph 15 of the Complaint, and on that basis deny them.

19    16.    Defendants are without sufficient information to admit or deny the material

20  averments of paragraph 16 of the Complaint, and on that basis deny them.

21    17.    Defendants deny the material averments of paragraph 17 of the Complaint.

22    18.    Defendants deny the material averments of paragraph 18 of the Complaint.

23    19.    Defendants are without sufficient information to admit or deny the material

24  averments of paragraph 19 of the Complaint, and on that basis deny them.

25    20.    Defendants are without sufficient information to admit or deny the material

26  averments of paragraph 20 of the Complaint, and on that basis deny them.

27    21.    Defendants are without sufficient information to admit or deny the material

28  averments of paragraph 21 of the Complaint, and on that basis deny them.

1    22.    Defendants are without sufficient information to admit or deny the material

2    averments of paragraph 22 of the Complaint, and on that basis deny them.

3    23.    Defendants are without sufficient information to admit or deny the material

4    averments of paragraph 23 of the Complaint, and on that basis deny them.

5    24.    Defendants are without sufficient information to admit or deny the material

6    averments of paragraph 24 of the Complaint, and on that basis deny them.

7    25.    Defendants are without sufficient information to admit or deny the material

8    averments of paragraph 25 of the Complaint, and on that basis deny them.

9    26.    Defendants are without sufficient information to admit or deny the material

10    averments of paragraph 26 of the Complaint, and on that basis deny them.

11    27.    Defendants are without sufficient information to admit or deny the material

12    averments of paragraph 27 of the Complaint, and on that basis deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

28.    RENTAL SOLUTIONS' claims for relief fail to state a claim upon which relief can be granted as against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

29.    RENTAL SOLUTIONS' claims for relief are barred by the applicable statutes of limitations, including but not limited to 40 U.S.C. § 3133.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

30.    RENTAL SOLUTIONS' claims for relief are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

31.    RENTAL SOLUTIONS has failed to mitigate its claimed damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

32.    RENTAL SOLUTIONS' claims for relief are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

33.    Defendants are informed and believe, and on that basis allege, that RENTAL SOLUTIONS' alleged injuries and damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Defendants had no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Obligations)

34.    To the extent that RENTAL SOLUTIONS' claims are based on contract, any failure to perform resulted from RENTAL SOLUTIONS' unjustified and unexcused failure to perform its own obligations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

35.    RENTAL SOLUTIONS is barred from recovery by its own unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

36.    At all times mentioned in the Complaint, RENTAL SOLUTIONS was negligent, careless, reckless, and conducted itself so as to substantially contribute to its alleged damages, if any.  Such contributory negligence bars, in whole or in part, the damages RENTAL SOLUTIONS seeks to recover herein.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

37.    At all times mentioned in the Complaint, RENTAL SOLUTIONS and others were negligent, careless, reckless, and conducted itself so as to substantially contribute to its alleged damages, if any.  Any liability in this case should be allocated based on the comparative

1  negligence of any party substantially contributing to the alleged damages.

2  ## ELEVENTH AFFIRMATIVE DEFENSE

3  ## (Waiver)

4  38.    Defendants are informed and believe and on that basis allege that each of

5  RENTAL SOLUTIONS' claims for relief is barred by the equitable doctrine of waiver.

6  ## TWELFTH AFFIRMATIVE DEFENSE

7  ## (Right to Amend)

8  39.    Defendants reserve the right to amend their answers and defenses, to assert

9  additional defenses, and to supplement, alter or change its answer in the event it obtains additional

10  facts, through discovery or otherwise.

11  ## THIRTEENTH AFFIRMATIVE DEFENSE

12  ## (Failure Of Joinder Of Necessary Parties)

13  40.    RENTAL SOLUTIONS failed to join as defendants all necessary persons

14  who were required to be joined for a full, complete and just adjudication of the purported cause of

15  action asserted in the Complaint and as a result, RENTAL SOLUTIONS is barred from recovery

16  on the Complaint against Defendants.

17  ## FOURTEENTH AFFIRMATIVE DEFENSE

18  ## (Excuse)

19  41.    Any actions by Defendants were legally excused.

20  ## FIFTEENTH AFFIRMATIVE DEFENSE

21  ## (Consent)

22  42.    RENTAL SOLUTIONS' action is barred by reason of its consent to each

23  and every action taken by the Defendants, and each of them.

24  ## SIXTEENTH AFFIRMATIVE DEFENSE

25  ## (Release)

26  43.    RENTAL SOLUTIONS knowingly and voluntarily agreed to relieve and

27  release Defendants from any liability for the conduct alleged in RENTAL SOLUTIONS'

28  Complaint.

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

ANSWER OF TPA-CKY JV TO COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

44.    Any recovery by RENTAL SOLUTIONS must be offset by damages caused by RENTAL SOLUTIONS.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Accord And Satisfaction)

45.    RENTAL SOLUTIONS' claim against Defendants is barred under the doctrine of accord and satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

46.    Defendants allege that this Court is an improper venue for RENTAL SOLUTIONS' action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

47.    Defendants allege that RENTAL SOLUTIONS lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Capacity)

48.    Defendants allege that RENTAL SOLUTIONS lacks capacity to bring this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply with Miller Act Notice Requirements)

49.    Defendants allege that RENTAL SOLUTIONS failed to give proper notice of its claim pursuant to 40 U.S.C. § 3133.

WHEREFORE, TPA-CKY prays for judgment as follows:

1.    That RENTAL SOLUTIONS take nothing by way of its Complaint on file herein;

2.     That judgment be entered in favor of Defendants and against RENTAL SOLUTIONS;

3.     That Defendants have judgment for reasonable attorney's fees and costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem proper.

DATED: November 8, 2007          MUSICK, PEELER & GARRETT LLP

By: _____

Jack W. Fleming
Attorneys for Defendants TPA-CKY Joint
Venture, CKY, Inc., Tan Phung & Associates and
American Contractors Indemnity Company

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

556875.1

7

ANSWER OF TPA-CKY JV TO COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

    On November 8, 2007, I served the foregoing document(s) described as **ANSWER OF TPA-CKY JOINT VENTURE, CKY INC., TAN PHUNG & ASSOCIATES AND AMERICAN CONTRACTORS INDEMNITY COMPANY TO COMPLAINT** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on November 8, 2007, at Costa Mesa, California.

☐   **(State)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **(Federal)**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Katherine Lloyd

559417.1

1

# SERVICE LIST

2

Stan D. Blyth, Esq.                          Attorney for Plaintiff
THE LAW OFFICES OF                           RENTAL SOLUTIONS, LLC

3

STAN D. BLYTH
11 Embarcadero West, Suite 145

4

Oakland, Ca  94607
Phone:  510-272-0200

5

Fax:  510-451-3931

6

James E. Ganzer, Esq.                        Attorneys for Defendant and Cross-
GANZER & WILLIAMS                            Defendant CENTRAL VALLEY

7

1617 St. Mark's Plaza, Suite A               CONSTRUCTION and Cross-
P.O. Box 7683                                Defendants PHILLIP VALLEJO and

8

Stockton,  CA  95267                         ANTHONY GENE ARNAIZ
Phone:  209-476-1661

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

559417.1                                         2